IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CRYSTAL A. LEWIS,

    Plaintiff,

v.

BAYER CORPORATION, INC.,

    Defendant.

No. C 03-04403 JSW

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

    Now before the Court is the motion for summary judgment filed by Defendant Bayer Healthcare ("Bayer"). Having carefully considered the parties' arguments, the relevant legal authority, and having had the benefit of oral argument, the Court hereby GRANTS Defendant's motion for summary judgment.

**BACKGROUND**

    Plaintiff was employed by Defendant Bayer from December 2000 to June 2003 at its Berkeley, California facility in the purification department as a biological technician. In this position, her duties were to facilitate the production of Bayer biological pharmaceutical products, principally, Kogenate FS, a clotting agent used primarily by hemophiliacs. Over the period spanning August 1, 2001 through her termination, Plaintiff was cited numerous times for various infractions and was subjected repeatedly to Defendant's disciplinary procedures. The evidence before the Court indicates that Plaintiff was disciplined for performance issues on at least ten occasions. They include:

- On August 1, 2001, violating Defendant's attendance policy when Plaintiff failed to call into work to alert supervisors that she would not be coming to work due to a work-related injury;
- On October 13, 2001, leaving the production floor to take a two-hour nap in a conference room while on duty on the advice of a trainer who was not Plaintiff's supervisor;
- On November 3, 2001, leaving unverified blanks on the paperwork associated with the review of the product in violation of Defendant's explicit verification policy;
- On February 26, 2002, being absent from her assigned post on the production floor for a period of time during her shift;
- On July 24, 2002, facing a three-day disciplinary suspension for excessive absences;
- On September 25, 2002, again violating Defendant's verification policy;
- On October 30, 2002, failing to perform an independent mathematical calculation on a production set as required;
- On May 10, 2003, being insubordinate to her supervisor, including raising her voice, hanging up the telephone and confronting her;
- On May 12, 2003, again failing to follow Defendant's standard operating procedures with regard to verification of information on the product paperwork; and
- On May 19, 2003, once again failing to follow Defendant's standard operating procedures with regard to confirming the content of a component in the preparation of a buffer from a bottle with an obscured label.

Plaintiff does not dispute the evidence introduced documenting her repeated performance issues and resultant disciplinary procedures. She contends, however, that she was disciplined more severely when compared with other employees, who were neither black nor female. Plaintiff brings suit against Bayer alleging race and gender discrimination and for

1  hostile work environment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42
2  U.S.C. §§ 2000e, *et seq*,; race discrimination under 42 U.S.C. § 1981; race discrimination under
3  California Government Code § 12940(a); race and gender discrimination and for hostile work
4  environment under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code
5  § 12940, *et. seq.*; and for violation of public policy under Article I, Section 8 of the California
6  Constitution.

7  The Court will address the additional specific facts as required in the analysis.

## ANALYSIS

**A.  Standards Applicable to Motions for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence which either negates an essential element of the non-moving party's claims or that party must show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir.

1  2000).  Once the moving party meets his or her initial burden, the non-moving party must go
2  beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a
3  genuine issue for trial."  Fed. R. Civ. P. 56(e).

4  In order to make this showing, the non-moving party must "identify with reasonable
5  particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275,
6  1279 (9th Cir. 1996).  In addition, the party seeking to establish a genuine issue of material fact
7  must take care to adequately point a court to the evidence precluding summary judgment
8  because a court is "'not required to comb the record to find some reason to deny a motion for
9  summary judgment.'" *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th
10 Cir. 2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418
11 (9th Cir. 1988)).  If the non-moving party fails to point to evidence precluding summary
12 judgment, the moving party is entitled to judgment as a matter of law.  *Celotex*, 477 U.S. at 323.

**B.    The Parties' Burdens.**

14 Plaintiff brings a claim for race and gender discrimination and contends that Bayer
15 terminated her based on her membership in a protected class.  In order to make a claim for
16 discrimination, Plaintiff must establish that she suffered an adverse employment action that was
17 motivated by intentional discriminatory animus.  *See, e.g., Guz v. Bechtel National, Inc.*, 24
18 Cal.4th 317, 353-58 (2000).  The proper legal framework for determining whether Plaintiff's
19 claim should survive summary judgment is the familiar burden-shifting scheme set out in
20 *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

21 First, Plaintiff must establish a prima facie case of discrimination.  *See id.*; *Guz,* 24
22 Cal.4th at 351-54.  Whether Plaintiff can meet her burden to establish a prima facie case of
23 discrimination is a matter of law to be determined by the court.  *Caldwell v. Paramount Unified*
24 *School District*, 41 Cal. App. 4th 189, 201 (1995).  If Plaintiff establishes a prima facie case, the
25 burden then shifts to Defendant to articulate a legitimate, nondiscriminatory reason for its
26 employment decision.  Then, in order to prevail, Plaintiff must demonstrate that the employer's
27 alleged reason for the adverse employment decision was a pretext for another, discriminatory
28 motive.  *See Guz*, 24 Cal.4th at 351-54; *see also Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d

1054, 1061 (9th Cir. 2002). Plaintiff may establish a prima facie case of discrimination by demonstrating that (1) she belongs to a statutorily protected class; (2) she applied for and was qualified for an available position; (3) she suffered an adverse employment decision; and (4) similarly situated individuals not in the protected class were treated more favorably. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506 (1993). The only significant difference in the FEHA analysis is that in order to establish a prima facie case, Plaintiff must, in addition to the first three elements, demonstrate some other circumstances that suggests discriminatory motive. *See, e.g., Guz*, 24 Cal.4th at 355.

If Plaintiff succeeds in establishing a prima facie case, the burden of production shifts to Bayer to articulate a legitimate, nondiscriminatory reason for terminating Plaintiff's employment. *See McDonnell Douglas*, 411 U.S. at 802. If Bayer does so, Plaintiff must demonstrate that Bayer's articulated reason is a pretext for unlawful discrimination by "'either directly persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'" *Chuang v. Univ. of Cal. Davis*, 225 F.3d 1115, 1124 (9th Cir. 2000) (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981)). Plaintiff's evidence must be both specific and substantial to overcome the legitimate reasons set forth by Bayer. *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 659 (9th Cir. 2002).

**1.     Prima Facie Case.**

At summary judgment, the degree of proof necessary to establish a prima facie case is "minimal and does not even need to rise to the level of a preponderance of the evidence." *Lyons v. England,* 307 F.3d 1092, 1112 (9th Cir. 2002) (quoting *Wallis v. J.R. Simplot Co.,* 26 F.3d 885, 889 (9th Cir. 1994)). Although the burden for establishing a prima facie case is an easy one to satisfy, Plaintiff has failed to do so. Although Plaintiff's race and gender make her a member of two protected classes, and her termination qualifies as an adverse employment action, she fails to satisfy the other two prongs of the test; that is, to demonstrate that she was qualified for the position and that other, similarly situated individuals not in the protected class were treated more favorably. It is undisputed that Plaintiff's performance repeatedly fell short

5

1  of Bayer's standards and that she had been disciplined numerous times for offenses that merited
2  termination under the company's explicit policies. Therefore, Plaintiff has failed to
3  demonstrate that she was qualified for the position.
4        In addition, Plaintiff has not shown that other employees outside of her protected class
5  were treated more favorably for the same or similar conduct. To support her contention that
6  other employees not in her protected class were treated more favorably, Plaintiff cites to her
7  own declaration in which she states that she was disciplined for sleeping on the job for at least
8  two hours while a Pakistani male supervisor as well as an African-American male, who were
9  found sleeping on the job, were not so disciplined. (Declaration of Crystal Lewis ("Lewis
10 Decl."), ¶ 7.) Plaintiff alleges that the discipline she incurred as a result of sleeping during her
11 shift was a result of her status as a female. (*Id*.) In addition, Plaintiff claims that Defendant
12 subjected her to selective discipline for failing to confirm the content of a component in the
13 preparation of a buffer from a bottle with an obscured label. (*Id*. at ¶ 10.) She states that in
14 contrast to another female employee who was not disciplined when she made an error that
15 resulted in a deviation of product, Plaintiff was disciplined as a result of her status as an African
16 American.
17       However, in both instances, Plaintiff has not established that the individuals who
18 allegedly faced lesser sanctions for similar conduct were actually comparable situations.
19 Although similarly situated does not require that the employees be identically situated, the
20 critical question is whether the plaintiff and the other employees are similarly situated in all
21 material aspects. *See Bowden v. Potter*, 308 F. Supp. 2d 1108, 1117 (N.D. Cal. 2004). The
22 question for the court is whether the purported purpose of the challenged action required similar
23 treatment of the two employees or whether the different situations justified different treatment
24 due to differences in the employees' status or other condition beside race. *Id.*

The individuals referred to by Plaintiff in her declaration are not similarly situated in all material aspects.[1]  First, there is no evidence that the individuals, who, in one instance, were both minorities, and in the other, female, had a similar record of consistently poor performance. Second, there is no evidence that the persons named by Plaintiff were in the same or materially similar jobs.  Lastly, there is no evidence that the discipline, or lack of discipline, resulted from the same or even materially similar conduct.  In the case of the sleeping infraction, there is no evidence that the two men caught sleeping on the job were in dereliction of their duties or for how long they had been sleeping.  In the instance of the wrong mixture of components, again there is no evidence before the Court indicating the situations or the positions of the employees were similar.[2]

Because Plaintiff has not met her burden to demonstrate the existence of a prima facie case of race or gender discrimination, summary judgment on her claims is properly granted. However, even assuming *arguendo* that Plaintiff had established a prima facie case, summary judgment is still warranted because Bayer has asserted a legitimate, nondiscriminatory reason for Plaintiff's termination, and Plaintiff has failed to demonstrate the reason is merely pretext.

**2.     Bayer Has Demonstrated Legitimate Business Reasons for Terminating Plaintiff's Employment.**

Even if Plaintiff could successfully establish a prima facie case of either race or gender discrimination, the undisputed facts demonstrate that Bayer had legitimate business reasons to terminate Plaintiff's employment.  Failure to perform in accordance with the standards set by the employer is sufficient to constitute a legitimate business reason for termination.  *See Hersant v. Dept. of Social Services*, 57 Cal. App. 4th 997, 1007-1010 (1997).  The record is

---

[1] Notwithstanding the fact that Plaintiff submits evidence for which there is no proper foundation, the Court has examined all of the evidence submitted by both parties and has made its determination on the merits.  Therefore, the Court need not rule on the admissibility of the evidence at this time.  To the limited extent the Court relied upon evidence objected to by either party in resolving Defendant's motion, the objections are overruled.

[2] In this regard, additional discovery by Plaintiff could, possibly, have demonstrated the requisite similarity.  No such discovery was undertaken.

1  replete with complaints regarding Plaintiff's performance.  Defendant has met its burden of
2  demonstrating legitimate business reasons for terminating Plaintiff's assignment.

### 3. **Plaintiff Fails to Raise an Issue of Disputed Fact Regarding Pretext.**

Because Defendant presents evidence demonstrating a legitimate nondiscriminatory reason for the termination, Plaintiff bears the burden of demonstrating that Defendant's articulated reason is pretextual.  Plaintiff may do so "either [1] directly by persuading the court that a discriminatory reason more likely motivated the employer or [2] indirectly by showing that the employer's proffered explanation is unworthy of credence."  *Merrick v. Farmers Ins. Group,* 892 F.2d 1434, 1437 (9th Cir. 1990) (internal cites and quotations omitted).

The Court has already determined that the undisputed evidence demonstrates that Plaintiff failed to perform her duties in compliance with Bayer's expectations and explicit standard operating procedures.  Plaintiff fails to refute Bayer's legitimate non-discriminatory reasons for termination and herself admits numerous times that she has no direct evidence that a discriminatory reason motivated her employer.  (*See, e.g.*, Declaration of Howard Moore, Jr. (Lewis Deposition), Ex. 1 at 55, 61; Declaration of Jerome Schreibstein (Lewis Deposition), Ex. A at 66, 81-82.)

Lastly, Plaintiff attempts to argue that a comment allegedly made by Dr. Gustavo Mahler, a Bayer department director, in a discussion with Nathaniel Woods, Jr. demonstrates that Bayer maintained a hostile and discriminatory workplace.  According to Mr. Woods' declaration, in the context of discussing opportunities Mr. Woods felt he was entitled to, Dr. Mahler allegedly commented that Bayer "has a special way of dealing with minorities." (Declaration of Nathaniel Woods, Jr. at ¶ 4.)

First, the alleged remark by Dr. Mahler was, as Plaintiff conceded during oral argument, ambiguous.  It is entirely unclear whether the "special way" Bayer had of treating minorities was a positive reference to Bayer's diversity policy or a negative reference to some nefarious discriminatory agenda.  The comment is too isolated and vague to establish discriminatory bias. Ambiguous stray remarks cannot establish pretext.  *See Mondero v. Salt River Project*, 400 F.3d 1207, 1213 (9th Cir. 2005) (holding that stray remarks not acted upon or communicated to a

decision maker are insufficient to establish pretext); *see also Merrick*, 892 F.2d at 1438 (same). A single stray remark, without other substantial evidence, is insufficient to withstand summary judgment. *See Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir. 1995).

Second, Dr. Mahler was not the decisionmaker involved in the decision to terminate Plaintiff, and his remarks are inadequate to demonstrate racial animus. There is no evidence before the Court indicating that Dr. Mahler was involved in any way with Plaintiff's employment or the decision to terminate her. In fact, Mr. Woods testified that he and Plaintiff did not work in the same department and that his discussion with Dr. Mahler was completely unrelated to any issue involving Plaintiff. (Reply Declaration of Jerome Schreibstein, Ex. B (Woods Deposition) at 6, 10-11, 15.) "[S]tatements by nondecisionmakers, nor statements by decisionmakers unrelated to the decisional process itself, [cannot alone] suffice to satisfy the plaintiff's burden in this regard." *McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1138 (9th Cir. 2004), *citing Price Waterhouse v. Hopkins,* 490 U.S. 228, 277 (1989) (O'Connor, J., concurring).

Beside the unsupported allegation that "the actions of Bayer in disciplining and then terminating Plaintiff were the result of a pattern and practice of discrimination against her as a result of hostility towards her because she was an outspoken Black woman," Plaintiff fails to set forth any direct evidence to persuade the court that a discriminatory reason more likely motivated the employer or any indirect evidence tending to demonstrate that the employer's proffered explanation is unworthy of credence. *See Merrick,* 892 F.2d at 1437. The Court grants summary judgment on Plaintiff's allegations of discrimination based on race or gender.

**CONCLUSION**

For the foregoing reasons, Defendant Bayer's motion for summary judgment is GRANTED. Judgment shall be entered in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.**

Dated: November 2, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE